**QIU–YUN ZHENG, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General,[1] Respondent.**

No. 07–4147–ag.

United States Court of Appeals, Second Circuit.

Sept. 2, 2009.

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Robert J. Adinolfi, Louis & Adinolfi, LLC, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, James A. Hunolt, Senior Litigation Counsel, Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, WALKER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Qiu–Yun Zheng, a native and citizen of China, seeks review of a September 11, 2007 order of the BIA affirming the January 5, 2006 decision of Immigration Judge ("IJ") Robert D. Weisel denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu–Yun Zheng,* No. A 97 331 563 (B.I.A. Sept. 11, 2007), *aff'g* No. A 97 331 563 (Immig. Ct. N.Y. City Jan. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, because the BIA rejected the IJ's adverse credibility determination, we review only the IJ's finding, as modified by the BIA, that Zheng failed to establish eligibility for relief even assuming her credibility. *Id.; see also Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see*

also *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

■■■ Petitioner's brief leaves us little to review. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). As such, because Zheng failed to raise before the BIA any argument that the IJ erred in failing to properly develop the record, and because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider this issue. *See id.* at 124. Additionally, because Zheng does not challenge in her brief before this Court the agency's dispositive finding that she failed to establish eligibility for asylum and withholding of removal, we deem any such challenges waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Zheng's waiver of any challenge to the agency's nexus finding is fatal to her challenge to the agency's denial of her application for asylum and withholding of removal.

■■■ Concerning her CAT claim, Zheng argues that this Court should remand her case for a separate determination because the IJ relied on the same credibility finding that the BIA reversed. That argument is unavailing. While the BIA did not adopt the IJ's adverse credibility determination, it separately found that Zheng failed to establish that she would be tortured by or with the acquiescence of the government. The BIA's analysis was thus

sufficient. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).